UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>DARIN JEROME FRENCH,<br><br>           Defendant. | 3:08-CR-0006-LRH-WGC<br><br>ORDER |

Before the court is defendant Darin Jerome French's ("French") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #402.[1] The United States filed an opposition (Doc. #404) to which French replied (Doc. #406).

Also before the court is French's motion for leave to file an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #421. The United States filed an opposition (Doc. #424) to which French replied (Doc. #428).

**I.    Facts and Background**

On April 29, 2009, French, along with his then-wife and co-defendant Jennifer Lynn, was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money

---

[1] Refers to the court's docket number.

laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for his participation in an alleged scheme to defraud customers of his on-line appliance business. Doc. #60.

After a nine-day jury trial, French was convicted of twenty-two (22) counts of mail fraud in violation of 18 U.S.C. § 1341; eleven (11) counts of wire fraud in violation of 18 U.S.C. § 1343; and three (3) counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(1) and 1957. Doc. #269. French was then sentenced to one hundred and fifty (150) months incarceration. Doc. #317.

French appealed both his conviction and sentence. Doc. #318. On October 12, 2012, the Ninth Circuit reversed two of French's convictions for money laundering, but affirmed the remaining thirty-four (34) counts of conviction as well as the one hundred and fifty (150) month sentence. *See United States v. French*, 494 Fed. Appx. 784 (9th Cir. 2012). Thereafter, on January 14, 2014, French filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #402.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and

1  must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing
2  *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that
3  counsel's performance was deficient, the petitioner "must then establish that there is a reasonable
4  probability that, but for counsel's unprofessional errors, the result of the proceeding would have
5  been different. A reasonable probability is a probability sufficient to undermine confidence in the
6  outcome." *Id*.

**III.    Discussion**

In his motion, French argues that he is entitled to post-conviction relief under Section 2255 due to the ineffective assistance of his appellate counsel, attorney Robert Story ("Attorney Story"). *See* Doc. #402. French contends that Attorney Story was constitutionally ineffective for two reasons: (1) he failed to challenge the court's factual finding at sentencing that there were more than 250 victims of French's fraud; and (2) he failed to sufficiently communicate with French during the appellate process. The court shall address both claims below.

**1.    Victim Calculation**

During sentencing, the court found that there were over 250 different victims of French's fraud which correlated to a six-point upward adjustment to his guideline calculation. In his motion, French argues that this calculation was incorrect, and that the proper victim calculation was 48 victims - which correlates to only a two-point upward adjustment - because he only owes 48 individuals restitution. He contends that Attorney Story was ineffective for failing to raise this challenge before the Ninth Circuit during his appeal.

The court has reviewed the documents and pleadings on file in this matter and finds that French has failed to establish that Attorney Story's performance was ineffective. First, although Attorney Story did not challenge the court's victim finding, Attorney Story raised several arguments before the Ninth Circuit on French's behalf. When counsel focuses on some issues to the exclusions of others, there is a strong presumption that counsel acted for tactical reasons rather than through neglect or incompetency. *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Further, the process

of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). Thus, the court presumes that Attorney Story's decision to not challenge the victim finding was a tactical decision and, as such, was not constitutionally defective advocacy. *See e.g., Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991) (holding that tactical decisions of counsel with which a criminal defendant disagrees are not sufficient to establish a claim for ineffective assistance of counsel).

Second, the court's victim finding was not wrong. In the Ninth Circuit, "an individual may be considered a victim even if the individual's losses are fully reimbursed, provided the reimbursement was not immediate." *United States v. Armstead*, 552 F.3d 769, 782 (9th Cir. 2008). In this case, the government produced evidence showing that the average number of days for reimbursement for more than 240 fraud victims who used their credit cards was 57 days. *See* Doc. #311, p. 4. This evidence, when combined with the 46 victims who paid by check and never received reimbursement, establishes beyond contestation that there were more than 250 victims of French's fraud. Therefore, the six-level enhancement was appropriate and French suffered no prejudice from Attorney Story's tactical decision in declining to challenge that sentencing enhancement during French's appeal.

  **2. Attorney Communication**

French also argues in his motion that Attorney Story was constitutionally ineffective because Attorney Story did not sufficiently communicate with him throughout the appellate process. In particular, French argues that he was never provided an opportunity to discuss his trial or sentencing before Attorney Story filed the opening appellate brief with the Ninth Circuit.

French's ineffective assistance claim for lack of communication is without merit because French fails to show that Attorney Story's conduct was either deficient due to a lack of communication or that he suffered prejudice as a result. Other than challenging Attorney Story's decision to not challenge the court's victim finding, French makes no other claims of prejudice as a

result of Attorney Story's lack of communication. Because French fails to establish actual prejudice, the court shall deny French's motion to vacate his sentence.

## IV.     Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that French has not shown a denial of a constitutional right in his motion. In denying his motion, the court notes that French has failed to raise any meritorious challenge to his conviction and sentence based on ineffective assistance of appellate counsel. *See Supra*, Section III. As such, the court finds that French has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny French a certificate of appealability as to his motion to vacate sentence pursuant to U.S.C. § 2255.

## V.     Motion for Leave (Doc. #421)

French has also recently filed a motion for leave to amend his motion to vacate to add new grounds for ineffective assistance against his pre-trial counsel. In support of his motion, French contends that he has recently received a letter from his co-defendant Jennifer Lynn informing him that her counsel allegedly discovered a plea offer that was never offered or disclosed to him prior to trial. *See* Doc. #421.

However, French fails to provide any substantive evidence of the existence of the plea agreement. In fact, French fails to provide any proof that he was even contacted by Jennifer Lynn, or that in the alleged letter she discussed the existence of a plea offer. Thus, the court finds that there is no basis to allow French to file a supplemental motion to vacate his sentence. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (a district court does not abuse its

///

discretion in denying a motion to amend when the movant presents no new facts supporting his motion). Accordingly, the court shall deny his motion.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #402) is DENIED.

IT IS FURTHER ORDERED that defendant is DENIED a certificate of appeal.

IT IS FURTHER ORDERED that defendant's motion for leave to amend (Doc. #421) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE