UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>DARIN JEROME FRENCH,<br><br>        Defendant. | 3:08-CR-0006-LRH-WGC<br><br>ORDER |

Before the court is defendant Darin Jerome French's ("French") motion for reconsideration of the court's December 9, 2014 order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #429[1]). Doc. #430. The United States filed an opposition (Doc. #431) to which French replied (Doc. #432).

**I.   Facts and Background**

On April 29, 2009, French, along with his then-wife and co-defendant Jennifer Lynn, was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for his participation in an alleged scheme to defraud customers of his on-line appliance business. Doc. #60.

---

[1] Refers to the court's docket number.

After a nine-day jury trial, French was convicted of twenty-two (22) counts of mail fraud in violation of 18 U.S.C. § 1341; eleven (11) counts of wire fraud in violation of 18 U.S.C. § 1343; and three (3) counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(1) and 1957. Doc. #269. French was then sentenced to one hundred and fifty (150) months incarceration. Doc. #317.

French appealed both his conviction and sentence. Doc. #318. On October 12, 2012, the Ninth Circuit reversed two of French's convictions for money laundering, but affirmed the remaining thirty-four (34) counts of conviction as well as the one hundred and fifty (150) month sentence. *See United States v. French*, 494 Fed. Appx. 784 (9th Cir. 2012). Subsequently, French filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #402) which was denied by the court on December 9, 2014 (Doc. #429). Thereafter, French filed the present motion for reconsideration. Doc. #430.

**II.    Discussion**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In a habeas action, a motion for reconsideration requires a showing that the court overlooked issues that may have materially influenced the court's prior decisions. *See e.g., Browder v. Director*, 434 U.S. 257, 270-71 (1978).

In his motion for reconsideration, French raises a single challenge to the court's order denying his motion to vacate. Specifically, French argues that reconsideration is warranted because the court erred in finding that his appellate counsel was not constitutionally ineffective for failing to challenge his sentencing enhancement for the number of victims. In essence, French once again

argues that he should not have received a sentencing enhancement due to the number of victims in this case because the credit card victims were ultimately reimbursed by their credit card companies.

As addressed at length in the court's order denying his motion to vacate, the court's victim finding was not wrong. In the Ninth Circuit, "an individual may be considered a victim even if the individual's losses are fully reimbursed, provided the reimbursement was not immediate." *United States v. Armstead*, 552 F.3d 769, 782 (9th Cir. 2008). In this case, the government produced evidence showing that reimbursement by the credit card companies was not immediate. *See* Doc. #311, p. 4. This evidence, when combined with the 46 victims who paid by check and never received reimbursement, establishes beyond contestation that there were more than 250 victims of French's fraud[2].

French's present motion for reconsideration offers nothing new to the court's analysis, other than his dissatisfaction with the court's conclusion. Rather, this motion merely rehashes his long-standing complaints about his conviction and sentence, which both this court and the Ninth Circuit have rejected. Therefore, the court finds that it did not err in denying French's motion to vacate and shall deny his present motion for reconsideration accordingly. The court also finds that a hearing on French's motion for reconsideration is unnecessary.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #430) is DENIED.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] It is noteworthy that the credit card companies which provided reimbursement to the 200+ victim cardholders then became victims themselves 200+ times. The victimization count never changed.

3