UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>DARIN JEROME FRENCH,<br><br>              Defendant. | Case No. 3:08-cr-00006-LRH-RAM<br>             3:08-cr-00066-LRH-RAM<br><br>ORDER |

Before the Court are Defendant Darin Jerome French's ("French") identical motions for compassionate and/or modified release in two cases: (1) 3:08-cr-00006-LRH-RAM (ECF No. 455); and (2) 3:08-cr-00066-LRH-RA (ECF No. 202). The government filed an identical response to each (ECF Nos. 204, 456). French did not file a reply in either case. For the reasons articulated below, the Court denies the motions.

**I.   BACKGROUND**

This Order involves two cases: (1) 3:08-cr-00066-LRH-RA ("66 Case"); and 3:08-cr-00006-LRH-RAM ("6 Case"). Each is described below in succession.

First, in July 2008, French was indicted on thirty-six counts of wire fraud in violation of 18 U.S.C. § 1343 for defrauding Maytag for more than $350,000 through false warranty repair claims. 66 Case, at ECF No. 1. In February 2009, a jury convicted French on all thirty-six counts. *Id.* at ECF No. 51. This Court sentenced French to thirty months' imprisonment, *id.* at ECF No. 107, and after an appeal, the Ninth Circuit affirmed. *See United States v. French*, 380 Fed. Appx. 602 (9th Cir. May 21, 2010) (unpublished). This Court denied French's motion to vacate his sentence. 66 Case at ECF No. 182.

Second, in April 2009, a grand jury returned a superseding indictment charging French and his then-wife with 32 counts of mail fraud, 26 counts of wire fraud, and four counts of money laundering. 6 Case, at ECF No. 1. In February 2010, after an eight-day jury trial, a jury convicted French of 22 counts of mail fraud, 11 counts of wire fraud, and three counts of money laundering. *Id.* at ECF No. 263. In May 2011, this Court sentenced French to 150 months' imprisonment. *Id.* at ECF Nos. 314, 317. After an appeal, the Ninth Circuit, aside from two money laundering convictions, affirmed French's convictions and sentences. *See United States v. French*, 494 Fed. Appx. 784 (9th Cir. Oct. 12, 2012) (unpublished). This Court denied French's motion to vacate his sentence. 6 Case, at ECF No. 429.

French is currently serving his sentence at Victorville Medium II FCI, with, according to the government and the BOP, with a projected release date of October 22, 2022. French represents that he may be eligible for home confinement in October of 2021. Now, French asks this Court to modify his sentence and grant him compassionate release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)  (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Still, the Court is *not* bound by the Sentencing Commission's guidance. *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) (emphasis added).

### III. DISCUSSION

French argues that several extraordinary circumstances exist warranting his release. These include: (1) cluster headaches; (2) care for his ailing father; (3) assistance for his elderly mother; (4) to pay his restitution; (5) that he has completed "90%" of his sentence; (6) that he has a minimum risk score; and (7) that he "was considered to be transferred to home confinement in 2020 by unit team." ECF Nos. 202, 455. The government opposes his release and maintains that French has failed to meet his statutory requirements for compassionate release, and even if he did, he has not presented extraordinary and compelling reasons warranting release in conjunction with the § 3553(a) factors. ECF Nos. 204, 456.

While the Court is sympathetic towards French's family's circumstances, French has failed to meet the statutory requirements for compassionate release. Specifically, French has not raised six out of the seven of his extraordinary and compelling reasons warranting release before the warden. *See United States v. Baye*, 464 F. Supp. 3d 1178, 1185 (D. Nev. 2020) ("There is accordingly no other interpretation but that a defendant must present each basis for relief to the warden prior to presenting it to the court.").[1] The Court finds that French has failed to first request for his sentence reduction to the Bureau of Prisons for its consideration as required by the statute. *See United States v. McGreggor*, No-20-10165, 2020 WL 960344, at *1 (9th Cir. Oct. 26, 2020) ("…courts do not have discretion to waive [§] 3582(c)(1)(A)'s mandatory exhaustion requirement."). Because French's motions fail on procedural grounds, the Court will deny both motions at this time.

Nevertheless, the Court notes that if French does not receive the benefit of home confinement which he hopes for in October of 2021, and if he is unsuccessful on the merits in a new petition for compassionate release before the Warden, the Court will give a new petition by French seeking compassionate release expedited consideration. This is not to say that the petition will be granted, but that the Court will consider it in an expedited fashion based upon the circumstances before the Court at the time.

IV.   **CONCLUSION**

IT IS THEREFORE ORDERED that French's motion for compassionate release in Case No. 3:08-cr-00006-LRH-RAM (ECF No. 455) is **DENIED**.

IT IS FURTHER ORDERED that French's motion for compassionate release in Case No. 3:08-cr-00066-LRH-RAM (ECF No. 202) is **DENIED**.

IT IS FURTHER ORDERED that the government's motion for leave to file a sealed exhibit in Case No. 3:08-cr-00006-LRH-RAM (ECF No. 457) is **GRANTED**.

///

///

---

[1] In July of 2020, French requested compassionate release from the warden based on his cluster headaches. ECF Nos. 202 at 36, 455 at 36. However, that request was denied because it was submitted improperly. To the Court's knowledge, there is no evidence that French sought to correct the deficiencies contained within that request.

IT IS FURTHER ORDERED that the government's motion for leave to file a sealed exhibit in case No. 3:08-cr-00066-LRH-RAM (ECF No. 205) is **GRANTED**.

IT IS SO ORDERED.

DATED this 29th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE